## Middle Division Elevator Co. v. J. E. Hawthorne.

1. VARIANCE—*Proofs Must Correspond with the Pleadings.*—Under a declaration for a conversion of grain by an agent, no recovery can be had upon proof of a shortage occasioned by an ordinary shrinkage in the grain.

Debt, on an indemnity bond. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard

in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

Tipton & Tipton, attorney for appellant.

Livingston & Bach, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

This was an action of debt by appellant against appellee upon a penal bond of $5,000 given by appellee to appellant as its agent, the condition being as follows:

" The condition of this obligation is such that if J. E. Hawthorne, employed by the Middle Division Elevator Company of Chicago, Ill., as the agent of said company at Cooksville for the purpose of buying grain and other farm products, and the handling of moneys either belonging to said company or for which the said company is or may be responsible for the payment of said grain and farm products, shall upon the demand of said company and at any and all times well and truly account for all grain and farm products and moneys which have passed or may be passing through the hand or under the direction of said J. E. Hawthorne, or be entrusted to said J. E. Hawthorne by said company, and immediately deliver and pay over to said company on the demand of said company any and all moneys, grain or farm products, then this obligation to be void, otherwise to remain in full force and virtue."

The only breaches of the bond assigned in the declaration are : (1) that appellee converted to his own use $1,000 of the money of appellant which came into his hands as such agent; (2) that appellee did not account for $1,000 worth of grain and other farm products of appellant which passed through his hands as such agent; and (3) that appellee disposed of grain and money of appellant which he received as such agent, to his own use, and refused to pay appellant the value of the same.

Appellee pleaded *non est factum*, performance, release and set-off, and issues of fact were joined thereon.

A trial was had by jury, and a verdict rendered for appellee, upon which the court rendered judgment in bar of the action and for costs.

Appellant brings the case to this court by appeal, and urges us to reverse that judgment upon the grounds that the verdict is against the evidence; the court gave improper and refused proper instructions, and admitted improper and refused proper evidence.

In the course of the trial appellant introduced a written agreement between appellee and appellant, in which appellee " guarantees the out-turn weights of all grain received shall be equal at point of destination to the amount paid for and reported," but which agreement, although separate from the bond, was concerning appellee's buying grain as agent of appellant at the time and place named in the bond.

The court admitted the written agreement upon representation of counsel for appellant, that appellant is " simply seeking to recover the amount between the grain he (appellee) bought, and the grain he (appellee) delivered."

The evidence fails to show that appellee converted any money, grain, or other farm products of appellant; that he failed to account to appellant for any such that was received by him as such agent or otherwise; or that he sold or disposed of any such of appellant that came into his hands as such agent, and refused to pay appellant therefor, as claimed in any of the breaches of the bond charged in the declaration. The evidence tended to show that the " out-turn " weights of grain and other farm products purchased by appellee for appellant as such agent, during the time and at the place mentioned in the bond, were some short at the point of destination, of the amount paid for and reported, but all such shortage is shown to have been the result of the ordinary shrinkage in shipment.

It may be that such ordinary shrinkage in shipment is guaranteed to appellant by the terms of the written agreement of the parties offered in evidence, but no express claim therefor is made in the declaration, nor does the evidence show that appellee's negligence, in any respect, caused or contributed to such shrinkage, so as to bring it within the terms of the bond, or within the terms of the claim made in the declaration.

Counsel for appellant insists that the court, by its rulings on the evidence and instructions to the jury, erroneously held that appellant could not recover in this action for such ordinary shortage in shipment, but it seems to us that the court did not commit any error in that regard, for the reason that appellant makes no claim in the declaration for such ordinary shrinkage, and no recovery could be sustained in this action therefor, on that account.

Finding no error was committed in the proceedings and judgment, the latter will be affirmed.   Judgment affirmed.